UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVERNA OPA OF SOUTH BEACH, INC.,  )
a Florida corporation,              )
                                    )
    Plaintiff,                      )   **COMPLAINT**
                                    )
v.                                  )
                                    )
STRATIS MORFOGEN, an individual,    )
                                    )
    Defendant.                      )
_____)

Plaintiff Taverna Opa of South Beach, Inc. ("Plaintiff" or "Taverna Opa"), by its counsel, sues Defendant Stratis Morfogen ("Defendant" or "Morfogen"), and states:

## NATURE OF ACTION

1. This in an action for damages in excess of $75,000 (exclusive of interest, attorneys' fees and costs) against the guarantor of a lease and note for a failed Phillipe Restaurant Group eatery in Miami Beach, Florida.

## PARTIES AND JURISDICTION

2. Taverna Opa is a Florida corporation with its principal place of business in Florida.

3. Morfogen is an individual *sui juris* who is a resident of the State of New York.

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 exclusive of interest and costs and involves a citizen of the State of Florida as plaintiff and a citizen of the State of New York as the defendant.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because (i) the Lease Agreement and Lease Guaranty that are the subject of this action were for real property located in Miami-Dade County, Florida, (ii) Taverna Opa's causes of action accrued in the

Southern District of Florida; and (iii) Defendant has maintained continuous and systematic contacts to Florida, including the maintenance of business addresses in South Florida.

6.  All conditions precedent to the prosecution of this action have been performed, satisfied, excused or waived.

7.  Taverna Opa has been required to retain the services of the undersigned counsel to prosecute this action and are obligated to pay counsel an hourly fee for their services.

## GENERAL ALLEGATIONS

### The Lease Transaction

8.  The Phillipe Restaurant Group is a collection of upscale Chinese eateries under the direction of celebrity chef Phillipe Chow. The Phillipe Restaurant Group has had "Phillipe" restaurants located in South Beach, Boca Raton, New York, Beverly Hills and Mexico City. Morfogen is a third-generation restaurateur and is the CEO of the Phillipe Restaurant Group.

9.  Taverna Opa is the owner of real property located at 36 Ocean Drive, Miami Beach, Florida (the "Premises").

10. Philippe Miami SoBe LLC ("Lessee") was the operating entity for the South Beach Phillipe Chow restaurant location.

11. On June 1, 2011, Taverna Opa and Lessee entered into that certain Lease Agreement (the "Lease") for the Premises. Taverna Opa and Lessee subsequently entered into an Amendment to Lease Agreement and a Second Amendment to Lease Agreement, whereby the Lease term commencement date was extended from June 1, 2011 to September 1, 2011. The term of the Lease was to run for a period of ten (10) years.

12. As an inducement for Taverna Opa to enter into the Lease, on or about June 1, 2011, Morfogen executed and delivered a Lease Guaranty (the "Lease Guaranty") whereby, in his

individual capacity, Morfogen "absolutely and unconditionally guaranteed" to Taverna Opa the "full and punctual performance by Lessee of all covenants, conditions, and terms of said lease … including, without limitation, the payment of all rent and other sums payable by Lessee thereunder."

13. In accordance with the terms of the Lease, Lessee was obligated to pay on a monthly basis base rent (the "Minimum Rent"), its 1/12 share of real estate taxes, its 1/12 share of insurance premium and other additional rent as may be due and owing under the Lease.

**The Promissory Note**

14. On or about June 21, 2011, for value received and acknowledged, Lessee and Morfogen executed a Promissory Note, effective July 1, 2011, in the amount of $100,000.00 in favor of Taverna Opa (the "Promissory Note").

15. By his written guaranty incorporated with the Promissory Note (the "Note Guaranty"), Morfogen, in his individual capacity, personally guaranteed the repayment of the Promissory Note in accordance with its terms.

**The Defaults**

16. In or about February 2013, Lessee suddenly vacated the Premises. Lessee defaulted under the terms of the Lease by failing to pay when due the full amount of monthly Minimum Rent and other amounts due under the Lease as provided thereunder.

17. By letter dated April 11, 2013, sent by email and by certified mail return receipt requested, Taverna Opa provided Lessee and Morfogen with notice of default ("Default Notice"), advising of the default under the Lease, and demanding that they cure the default. At the time of the Default Notice, the total default amount under the Lease with accelerated rent and the other amounts due and owing was $3,721,195.98.

18. Neither Lessee nor Morfogen cured the default of the Lease as set forth in the Default Notice.

19. In accordance with the Lease, Taverna Opa properly accelerated all amounts due under the Lease.

20. As provided expressly in the Note, Taverna Opa further advised Lessee and Morfogen that the breach of the Lease constituted a default under the terms of the Promissory Note.

## COUNT I
## BREACH OF LEASE GUARANTY

Taverna Opa hereby sues Morfogen for damages, realleges and restates Paragraphs 1 through 20, as if they were set forth fully herein, and further states:

21. By the terms of his Lease Guaranty, Morfogen guaranteed unconditionally all obligations of Lessee under the terms of the Lease, including, without limitation, Lessee's obligation to pay timely monthly minimum rent and additional rent as provided in the Lease.

22. By virtue of Lessee's default under the terms of the Lease, Morfogen is liable under the terms of his Lease Guaranty to Taverna Opa for all sums due and owing, including without limitation all accelerated amounts due, attorneys' fees and costs.

23. Morfogen has breached the terms of the Lease Guaranty by failing to make the payments due under the Lease, after Lessee's default under the Lease.

24. As a direct and proximate result of Morfogen's breach of the Lease Guaranty, Taverna Opa has suffered and continues to suffer damages.

25. Pursuant to the terms of the Lease Guaranty, Taverna Opa is entitled to recover from Morfogen its costs of collection, including, without limitation, the court costs and reasonable attorneys' fees incurred as a result thereof.

WHEREFORE, Taverna Opa demands judgment against Morfogen for damages, together with pre- and post- judgment interest, attorneys' fees and costs as provided under the Lease and Lease Guaranty, and such further relief as the Court deems appropriate.

## COUNT III
## ACTION ON NOTE GUARANTY

Taverna Opa hereby sues Morfogen for damages, realleges Paragraphs 1 through 20, as if they were set forth fully herein, and further states:

26. Taverna Opa owns and holds the Promissory Note, for which Morfogen guaranteed all obligations to Taverna Opa.

27. By the terms of the Promissory Note, Lessee and Morfogen agreed specifically that a default under the Lease constituted a default under the Promissory Note.

28. Lessee defaulted under the Promissory Note by defaulting under the Lease. Additionally, Lessee failed to pay the installment payment due under the Promissory Note for March 1, 2013 or installment payments due thereafter, which constitutes a further event of default.

29. By virtue of the Lessee's default under the Promissory Note, Morfogen owes Taverna Opa $52,986.49 on the Promissory Note that is due with interest at a default rate of 15% since March 1, 2013.

30. By virtue of Lessee's default of the Promissory Note, Taverna Opa is entitled to recover from Morfogen its costs of collection, including, without limitation, the court costs and reasonable attorneys' fees incurred as a result thereof.

WHEREFORE, Plaintiff demands judgment against Morfogen, together with pre-judgment and post-judgment interest, attorneys' fees and costs, and such further relief as this Court deems appropriate.

DATED: May 30, 2013

                    Respectfully submitted,

                    GREENBERG TRAURIG, P.A.
*Attorneys for Taverna Opa of South Beach, Inc.*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Telefax:  (954) 765-1477

By: */s William R. Clayton*
      WILLIAM R. CLAYTON
      Florida Bar No. 485977
      claytonw@gtlaw.com
      BRIAN H. KOCH
      Florida Bar No. 637335
      kochb@gtlaw.com